lee, elmer edward v. state 




 NO. 12-03-00213-CR


NO. 12-03-00214-CR


NO. 12-03-00215-CR


NO. 12-03-00216-CR


NO. 12-03-00217-CR


NO. 12-03-00218-CR


NO. 12-03-00219-CR


NO. 12-03-00220-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS



RODGER DALE MONK,
§
 APPEALS FROM THE 8TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HOPKINS COUNTY, TEXAS






MEMORANDUM OPINION


PER CURIAM


 These appeals are being dismissed for want of jurisdiction. Appellant pleaded guilty to
multiple counts of aggravated sexual assault of a child, sexual assault of a child, and indecency with
a child. The jury assessed punishment at imprisonment for life in the aggravated sexual assault cases
and twenty years of imprisonment on each of the remaining cases. Sentence was imposed on
November 13, 2002. Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected
when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in
open court unless a motion for new trial is timely filed. Where a timely motion for new trial has
been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or
suspended in open court. Id. Appellant filed a motion for new trial, and his notice of appeal was
therefore required to be filed or before February 11, 2003. However, Appellant did not file his notice
of appeal until July 1, 2003. Moreover, Appellant did not file a timely motion for extension of time
to file his notice of appeal as authorized by Tex. R. App. P. 26.3. 

 On July 7, 2003, this court notified Appellant pursuant to Texas Rules of Appellate
Procedure 26.2 and 37.2 that the clerk's record did not show the jurisdiction of this court, and it gave
him ten days to correct the defect. The deadline has expired, and Appellant failed to respond to the
notice. Because this court has no authority to allow the late filing of a notice of appeal except as
provided by Rule 26.3, the appeals must be dismissed. See Slaton v. State, 981 S.W.2d 208 (Tex.
Crim. App. 1998). 

 These appeals are dismissed for want of jurisdiction. 

Opinion delivered August 27, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

























(DO NOT PUBLISH)